Argued and submitted September 25, 1981, reversed and remanded for further proceedings April 26, reconsideration denied June 10, petition for review denied July 27, 1982 (293 Or 394)

POWELL et al,
*Respondents,*

*v.*

EQUITABLE SAVINGS AND
LOAN ASSOCIATION,
*Appellant.*

(No. 414-798, CA 19199)

643 P2d 1331

John R. Faust, Jr., Portland, argued the cause for appellant. With him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Michael G. Hanlon, Portland, argued the cause for respondents. With him on the brief were Henry A. Carey, P. C., and Henry A. Carey, Portland.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

This appeal arises from a class action by borrowers in Oregon, Washington and Idaho against an Oregon savings and loan association. The trial court designated the class of plaintiffs to include residents of all three states. Defendant savings and loan association argues in this interlocutory appeal (ORS 19.015) that the trial court should have limited the class to Oregon plaintiffs. Idaho and Washington plaintiffs contend that they were correctly included in the class. We reverse.

Defendant Equitable Savings & Loan Association (Equitable) is an Oregon savings and loan association, incorporated under state law. For many years it required its borrowers to make monthly payments to reserves for taxes and insurance premiums payable on the property securing the loans. Equitable would pay the taxes and premiums when due from the reserve payments, advancing extra money if needed. In 1978, the Supreme Court ruled that an association requiring such reserve payments had an obligation based on quasi-contract to pay interest to the borrowers on the funds held in reserve. *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 550, 577 P2d 477, *cert den* 439 US 1051 (1978). The court acknowledged in *Derenco* that it is the only court of last resort to so rule after trial. 281 Or at 559.

Equitable has approximately 25 branches in Oregon, 15 in Washington and 10 in Idaho. It makes home mortgage loans in each state, secured by real property in that state. Prospective borrowers obtain loan forms from their local branches. Applications are initially approved by local branch managers and then submitted to a loan committee in Oregon for final approval. If a loan is approved, the loan package is returned to the local branch, which undertakes administrative responsibility for the duration of the loan. Borrowers make monthly payments to the local branches.

Plaintiffs brought this class action for *Derenco* interest payments. They purported to represent borrowers in Oregon, Washington and Idaho. The trial court designated as the appropriate class all residents of those states who were required to make tax and insurance reserve

payments on mortgage loans secured by single-family residences. Defendant appeals that aspect of the trial court's holding which designated Washington and Idaho borrowers as members of the class.[1]

Defendant argues that designation of the class of plaintiffs to include Washington and Idaho resident borrowers was in error, because their claims are not "typical of the claims * * * of the class" as required by ORCP 32A and former ORS 13.220. Defendant reasons that Washington and Idaho borrowers are not entitled to interest on reserve payments, because Oregon is the only state of the three involved here that has affirmatively held that mortgage borrowers are entitled to proceeds from tax and insurance reserve accounts. *See Derenco v. Benj. Franklin Fed. Sav. and Loan, supra,* 281 Or at 539 n 19.

The determinative question in this appeal is which state's law applies to residents of Idaho and Washington who took out mortgages through Idaho and Washington branches of Equitable. The first step in such an analysis is to determine what the law of each state *is* with respect to such transactions. If the three states treat the problem uniformly, the trial court's decision to join all three groups of plaintiffs in one class is correct. If, on the other hand, state laws differ, a choice of law question will arise. We shall treat each state's borrowers separately.

## 1. Idaho

Idaho law provides:

"An association may require the borrower to pay monthly in advance, in addition to interest or interest and principal payments, the equivalent of one twelfth (1/12) of the estimated annual taxes, assessments, insurance premiums, * * *. The association at its option may hold such funds in trust and commingle them with other such funds and use the same for such purposes, or place such funds in savings accounts and withdraw and use the same for such purposes, or hold such funds in open account and advance like amounts for such purposes, or credit such funds as received to the mortgage account and advance a like

---

[1] The case has been settled except for this question. If the judgment is affirmed, payment will be made to borrowers in all three states. If reversed, payment will be limited to Oregon borrowers.

amount for the purposes stated. If such funds are held in trust or invested in savings accounts, the amounts shall be pledged to further secure the indebtedness and, if held in open account or credit to the loan account, the amounts when advanced for the purposes stated shall be secured by the mortgage with the same priority as the original amount advanced under the mortgage. *The association shall have no obligation to pay interest, earnings or other increment to the borrower upon such monthly payments, nor to invest the same for the benefit of the borrower, unless such funds have been placed in a savings account or accounts. * * *.* Idaho Code § 26-1931(8). (Emphasis in original.)

Thus, Idaho law does not require savings and loan associations to distribute interest on reserve funds to borrowers unless such funds have been placed in savings accounts.

■ This difference in the applicable law of the two states means that there is a choice of law problem concerning the Idaho members of the class. Where policies conflict, the choice of law decision must be based on a determination of which of the two philosophically competing states has the "most significant relationship" to the Idaho class and its transactions with defendant. *See Myers v. Cessna Aircraft,* 275 Or 501, 514, 553 P2d 355 (1975); *Erwin v. Thomas,* 264 Or 454, 457, 506 P2d 494 (1973).

■ With respect to Idaho, the analysis is simple, because all of the pertinent considerations weigh on one side: this action could not be successful in Idaho, the contracts were negotiated in Idaho, the individual plaintiffs in this portion of the class live in Idaho, and the property involved is located in Idaho. Oregon's only significant relationship—if it can be said to be "significant" is that defendant was incorporated in Oregon. On the balance, Idaho's interests do not merely preponderate—they dominate. The designation of the Idaho plaintiffs as part of the class was error.

*2. Washington*

So far as we have been able to determine, neither Washington's legislature nor its courts have addressed the *Derenco* question. We are unwilling to assume *Derenco* would be followed, in light of the weight of authority to the contrary. If *Derenco* would not be followed, a conflict would exist. Washington's interest in regulating the activities of

companies doing business within it, in overseeing the law governing the sale of real property located within its boundaries, and in controlling the law of contracts negotiated with its residents and within its borders are all significant factors to consider in any weighing process. Oregon's only interest is that previously discussed. The same analysis applicable to Idaho applies here. The trial court erred in including the Washington plaintiffs in this class.

That portion of the trial court's order certifying Washington and Idaho members of the class is reversed, and the case is remanded for further proceedings.